# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON WHITTNEY ERVIN,               ) | 1:12-cv-1779 AWI GSA |
| Plaintiff,             ) | **ORDER DENYING PLAINTIFF'S** |
| v.                                                  ) | **MOTION TO APPOINT COUNSEL** |
| MERCED POLICE DEPARTMENT, *et al.*, ) | (Document 13) |
| Defendants.        ) | |

Plaintiff Elton Whittney Ervin is proceeding pro se in this civil action for a violation of his civil rights pursuant to Title 42 of the United States Code section 1983. On December 11, 2012, Plaintiff filed a pleading entitled "Request for Appointment of Counsel and Declaration of Indigency" (Doc. 13), wherein he asks the Court to appoint an attorney to represent him in this matter. More particularly, Plaintiff's pleading indicates that he is indigent and unable to afford counsel to represent him. He requests the Court appoint counsel as he is in need of the assistance of competent counsel. (Doc. 13 at 1.)

Title 28 of the United States Code section 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, "it is well-established that there is generally no constitutional right to counsel in civil cases." *United*

*States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust* Corp. (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to appointed counsel to pursue a Title 42 of the United States Code section 1983 claim. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *accord Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (discussing § 1915(d)); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel by the court is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d at 569.

In this case, Plaintiff is not entitled to the assistance of counsel in his civil action as there is no constitutional right to counsel in such cases, and the Court will not make a coercive appointment of counsel.

Appointment of counsel may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court cannot require an attorney to represent Plaintiff. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. at 298. Rather, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the stage of the proceedings, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. *Terrell v. Brewer*, 935 F.2d at 1017. Morever, and significantly, this case does not appear to be particularly complex. Plaintiff's complaint details an encounter with law enforcement personnel that involves excessive force and missing personal property. (*See* Doc. 1.) Notably, the Court handles a significant number of section 1983 cases

and a review of Plaintiff's complaint reveals nothing unusual about the facts or circumstances presented.

As explained above, this Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, the case is not exceptional.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.


IT IS SO ORDERED.

Dated:   **December 13, 2012**                                   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

3