# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON WHITTNEY ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>MERCED POLICE DEPARTMENT; E. CHAVEZ, BADGE NO. 156; SERGEANT APONTE; OFFICER SALYER, BADGE NO. 191; and PADGETT BADGE NO. 180,<br><br>Defendants. | 1:12-cv-1779 AWI GSA<br><br>ORDER DISMISSING CASE WITH LEAVE TO AMEND |

## **INTRODUCTION**

Plaintiff, Elton Whittney Ervin, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on June 29, 2012 in the United States District Court, Northern District of California. (Doc. 1). The case was transferred to this Court and assigned to the undersigned on November 5, 2012. Plaintiff alleges he was unlawfully detained by the police outside of his residence, illegally arrested, and unlawfully beaten. Plaintiff files this civil rights action pursuant to 42 U.S.C. §1983 based on cruel and unusual punishment. Plaintiff names several Defendants including: the Merced Police Department; Officer E. Chavez (Badge No. 156); Officer Adonte (Badge No. "Unknown"); Officer Salyer (Badge No. 191) and Officer Padgett (Badge No. 180) (Collectively, "Defendants")

**DISCUSSION**

A.     Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

///

B.     Plaintiff's Allegations

Plaintiff alleges that at approximately 11:30 p.m. on January 14, 2012, he arrived on the street outside of his residence in his vehicle. He saw a suspicious car parked a few cars away with its headlights off. He feared for his safety so he exited his vehicle and started walking toward his house.

Plaintiff contends he was approached by an individual who never identified himself as a police officer. The individual asked Plaintiff to identify the car Plaintiff was driving. Not realizing that the individual was a police officer, Plaintiff continued to walk toward his house. He was grabbed by the neck and thrown to the ground by officers E. Chavez, Sergeant Aponte, Officer Salyer, and Officer Padgett who are all employed by the Merced Police Department. Plaintiff contends Officer Chavez ordered Plaintiff to, "Spit it out." Shortly thereafter, Officer Aponte told Officer Chavez to force his flashlight or baton in Plaintiff's mouth. After this command, an officer allegedly forced a flashlight into Plaintiff's mouth and the officers proceeded to unlawfully restrain Plaintiff.

As a result of this assault with the flashlight, Plaintiff alleges he contracted Hepatitis C and suffered chipped teeth, cuts, bruises to his lips, gums, tongue and inner mouth. He also alleges that during the incident, Officer Chavez went through Plaintiff's wallet and found $1,150.00. He contends that Officer Chavez told Plaintiff that Plaintiff's money, car, and phone were now Officer Chavez's property. Plaintiff was arrested and detained. He contends that the charges against him were dropped based on insufficient evidence.[1] However, the property listed above was never returned to him. He also alleges that the police never returned a ring and a bracelet that was taken from him at the time of his arrest. Plaintiff asserts a civil rights violation pursuant to 42 U.S.C. § 1983 based on cruel and unusual punishment. Plaintiff is seeking $1,000,000.00 in damages to pay for his medical expenses and for the loss of his property.

///

///

---

[1] Although Plaintiff alleges the charges against him were dropped, Plaintiff was incarcerated at the time the complaint was filed. It is unclear from the complaint whether the incarceration relates to a different incident.

C.     Analysis of Plaintiff's Claims

   **1.     *Rule 8(a)***

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff will be given an opportunity to amend portions of his complaint to comply with Rule 8(a). In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable. Plaintiff is advised that his amended complaint must contain all necessary allegations. Moreover, if Plaintiff wishes to allege causes of action, he must separate each claim and state facts in support of each individual claim against each defendant.

   **2.     *Section 1983 Claims***

The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. 42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See, Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is advised that to state a claim for relief under section 1983, plaintiff must link each

4

named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. This linkage requirement mandates that Plaintiff name an individual defendant for each alleged violation. However, the actions of each officer must be clearly outlined. Moreover, Plaintiff must specifically identify the constitutional violation alleged.

        a.    *Eighth Amendment Claim*

Although Plaintiff never identifies a specific constitutional violation, he does argue that this incident was cruel and unusual punishment. Plaintiff is advised the cruel and unusual punishment falls under the Eighth Amendment which prohibits excessive bail, fines, or cruel and unusual punishment. However, such protections were designed to protect those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977). Plaintiff incorrectly imposes liability based on a violation of the Eighth Amendment related to claims that arose at the time of his arrest, rather than based on events occurring after a conviction. Therefore, the Eighth Amendment does not apply. "The Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence." Lee v. City of Los Angeles, 250 F. 3d 668, 686 (9th Cir. 2001). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident.

        b.    *Fourth Amendment Claim*

Plaintiff is advised that a claim of excessive force in the course of making an arrest may be brought in a section 1983 claim. This claim is properly analyzed under the Fourth Amendment's objectively reasonableness standard. Scott v. Harris, 127 S. Ct. 1769 (2007); Graham v. Connor, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation. Graham v. Connor, 109 S. Ct. at 1865. Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Gregory v. County of Maui, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing Graham v. Connor, 109 S. Ct. at 1865. The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2)

whether a suspect posses an immediate threat to the safety of the officer and others, and 3) whether a suspect resists arrest. Graham v. Connor, 109 S. Ct. at 1872; Arpin v. Santa Clara Valley Transp. Agency, 261 F. 3d 912, 921 (9th Cir. 2001).

      *c.*     *Plaintiff's Property Claim*

Plaintiff alleges that the officers unlawfully took his property and it has not been returned to him. Plaintiff is advised that "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). California law provides such an adequate post-deprivation remedy in the state courts. See, Barrnett v. Centoni, 31 F. 3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code 810-895). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

Here, Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized. However, under either theory, it appears Plaintiff cannot state a claim. As noted above, Plaintiff contends that his property was unlawfully taken

by an officer. This would be an unauthorized taking and is not actionable under section 1983 because there are meaningful post deprivation remedies available. Similarly, even if the taking of the property was authorized (i.e. taken pursuant to established state procedures), his claim is problematic. As long as the property was seized pursuant to established state regulations or statutes, and performed in the normal manner prescribed by law, no due process violation has occurred. Finally, authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Since Plaintiff was incarcerated at the time the instant complaint was filed, he should consider these standards when determining whether he is able to state a cognizable claim under this theory. If Plaintiff amends this claim, he needs to specifically identity how his due process rights were violated.

        d.     *Claims Against The City of Merced*

The Court construes Plaintiff's allegations against the Merced Police Department as a claim against the City of Merced. Plaintiff is advised that a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. at 691; Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements." Thompson v. City of Los Angeles, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decision maker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." Thompson v. City of Los Angeles, 885 F.2d at 1443, internal quotation marks omitted. "Only if

a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." Thompson v. City of Los Angeles, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981), internal quotation marks omitted; see Rizzo v. Goode, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).

Here, Plaintiff's allegations do not relate to a policy or custom resulting in a constitutional violation, but instead relates to the actions of officers allegedly using excessive force during an arrest. This is insufficient to state a claim against the City of Merced or the Merced Police Department as a Defendant.

    e.    *Individual v. Official Capacities*

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. Id.; *see also* Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir.1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.1988). As such, Plaintiff must name the defendants in their individual capacity in order to state a cognizable claim against any police officers.

    f.    *Leave to Amend the Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint. If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case and be labeled "First

Amended Complaint."  The clerk is directed to send Plaintiff a blank civil rights complaint form, which Plaintiff is encouraged to utilize.  If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, _ F 3d. _, _, Nos, 09-15806, 09-15703, 2012 WL 3711591, at *1, n.1 (9th Cir. Aug., 29, 2012)(en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**ORDER**

For the reasons set forth above, it is HEREBY ORDERED that :

1) Plaintiff's complaint is dismissed with leave to amend;

2) The Clerk's Office shall send Plaintiff a civil rights complaint form;

3) Within **thirty (30)** days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

4) If Plaintiff fails to comply with this order, the action will be dismissed for failure to state a claim and for failure to follow this Court's order.


IT IS SO ORDERED.

Dated:   **December 13, 2012**               **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE