1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON WHITTNEY ERVIN, | ) 1:12-cv-1779 AWI GSA |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DISMISSING CASE WITH LEAVE |
| | ) TO FILE A SECOND AMENDED |
| MERCED POLICE DEPARTMENT; E. | ) COMPLAINT |
| CHAVEZ, BADGE NO. 156; SERGEANT | ) |
| APONTE; OFFICER  SALYER, BADGE | ) |
| NO. 191; and PADGETT BADGE NO. 180, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **INTRODUCTION**

Plaintiff, Elton Whittney Ervin, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on June 29, 2012 in the United States District Court, Northern District of California.  (Doc. 1). The case was transferred to this Court and assigned to the undersigned on November 5, 2012.  In the initial complaint, Plaintiff alleged he was unlawfully detained by the police outside of his residence, illegally arrested, and unlawfully beaten.  Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 based on cruel and unusual punishment. Plaintiff named several Defendants including: the Merced Police Department; Officer E. Chavez (Badge No. 156); Officer Adonte (Badge No. "Unknown"); Officer Salyer (Badge No. 191) and Officer Padgett (Badge No. 180) (Collectively,

1

1  "Defendants").

2      On December 13, 2012, this Court issued a screening order giving Plaintiff leave to file a

3  First Amended Complaint ("FAC").  (Doc. 15).  Plaintiff filed a FAC on January 10, 2013.

4  (Doc. 16).  In the pleading, Plaintiff names Officer E. Chavez (Badge No. 156); Officer Adonte

5  (Badge No. "Unknown"); Officer Salyer (Badge No. 191) and Officer Padgett (Badge No. 180)

6  as Defendants.  He alleges a violation of 42 U.S.C. § 1983, and contends that Defendants

7  violated his "constitutional rights under the laws of the United States."

8  **DISCUSSION**

9  A.    <u>Screening Standard</u>

10      Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

11  complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

12  if the court determines that the action is legally "frivolous or malicious," fails to state a claim

13  upon which relief may be granted, or seeks monetary relief from a defendant who is immune

14  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

15  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

16  cured by amendment.

17      A complaint must contain "a short and plain statement of the claim showing that the

18  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

19  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing

21  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

22  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

23  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations

24  are accepted as true, legal conclusion are not.  Id. at 1949.

25      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

26  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

27  support of the claim or claims that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>,

28  467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v.</u>

1  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

2  complaint under this standard, the Court must accept as true the allegations of the complaint in

3  question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the

4  pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d

5  443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen,

6  395 U.S. 411, 421 (1969).

7  B.     Plaintiff's Allegations

8          In the FAC, Plaintiff alleges that at approximately 10:30 p.m. on January 14, 2012, he

9  arrived on the street outside of his residence in his vehicle.  Plaintiff contends he was approached

10  by a police officer later identified as Officer E. Chavez who ran up behind him and grabbed him

11  by the neck.  Another police officer approached him, began choking him, and told him to, "Spit it

12  out."  Shortly thereafter, an officer later identified as Officer Salyers told Officer Chavez to force

13  a flashlight or baton into Plaintiff's mouth.  Plaintiff contends he was pinned down by four

14  officers. After this command, Officer Chavez allegedly forced a flashlight into Plaintiff's mouth.

15  All of the officers then proceeded to unlawfully restrain Plaintiff and beat him.

16          As a result of this assault, Plaintiff alleges he contracted Hepatitis C and suffered chipped

17  teeth, cuts, bruises to his lips, gums, tongue and inner mouth. He seeks injunctive relief,

18  $500,000.00 in compensatory damages, $100,000.00 in punitive damages, $25,000.00 in nominal

19  damages, and any other just relief.

20  C.     Analysis of Plaintiff's Claims

21      **1.   *Rule 8(a)***

22          As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

23  The rule expresses the principle of notice-pleading, whereby the pleader need only give the

24  opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a)

25  does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial,

26  but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is

27  and the grounds upon which it rests."  Id. at 47.

28          Plaintiff will be given an opportunity to amend portions of his complaint to comply with

3

Rule 8(a).  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.  Plaintiff is advised that his second amended complaint must contain all necessary allegations. Moreover, if Plaintiff wishes to allege causes of action, he must separate each claim and state facts in support of each individual claim against each defendant.  Plaintiff has failed to do so in the first amended complaint.

**2.**    *Section 1983 Claims*

The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.  42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See, Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is advised that to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  This linkage requirement mandates that Plaintiff name an individual defendant for each alleged violation.  However, the actions of each officer must be clearly outlined.  Moreover, Plaintiff  must specifically identify the constitutional violation alleged.

Here, Plaintiff's FAC does not allege a specific constitutional violation.  Instead, Plaintiff only states that Defendants acts and omissions violated his constitutional rights under the laws of the United States.  This is not sufficient to state a claim under 42 U.S.C. § 1983.

**a.**    *Fourth Amendment Claim*

Plaintiff is advised again that a claim of excessive force in the course of making an arrest

4

1   may be brought in a section 1983 claim.  This claim is properly analyzed under the Fourth

2   Amendment's objectively reasonableness standard.  Scott v. Harris, 127 S. Ct. 1769 (2007);

3   Graham v. Connor, 109 S. Ct. 1865 (1989).   This assessment involves determining whether the

4   force was objectively reasonable "in light of the facts and circumstances confronting the officer

5   without regard to the underlying intent or motivation.  Graham v. Connor, 109 S. Ct. at 1865.

6   Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth

7   Amendment requires a balancing of the nature and quality of the intrusion on the individual's

8   Fourth Amendment interests against the countervailing governmental interests at stake. Gregory

9   v. County of Maui, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing Graham v. Connor, 109 S. Ct. at

10  1865.  The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2)

11  whether a suspect posses an immediate threat to the safety of the officer and others, and 3)

12  whether a suspect resists arrest. Graham v. Connor, 109 S. Ct. at 1872;  Arpin v. Santa Clara

13  Valley Transp. Agency, 261 F. 3d 912, 921 (9th Cir. 2001).

14          *b.      Individual v. Official Capacities*

15          It appears that Plaintiff is suing Defendants in both their individual and official capacity.

16  In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court

17  held that states, state agencies, and state officials sued in their official capacities are not persons

18  subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit

19  against a state official in his or her official capacity is a suit against the official's office, and as

20  such is no different from a suit against the state itself, which would be barred by the Eleventh

21  Amendment. Id.; *see also* Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999); Stivers v.

22  Pierce, 71 F.3d 732, 749 (9th Cir.1995).  In addition, "the Eleventh Amendment bars actions

23  against state officers sued in their official capacities for past alleged misconduct involving a

24  complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e.,

25  money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.1988).  However, one exception to

26  this rule is that the Eleventh Amendment does not bar suits for prospective declaratory or

27  injunctive relief against state officials in their official capacity.  Flint v. Dennison, 488 F. 3d 816,

28  825 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab, 131 F. 3d 836, 839 (9th Cir. 1997);

1 | <u>Armstrong v. Wilson</u>, 124 F. 3d 1019, 1025 (9th Cir. 1997). Since Plaintiff is seeking both

2 | monetary damages and injunctive relief, he shall keep these principles in mind when amending

3 | his complaint.

4 |        c.     *Punitive Damages*

5 |      It appear Plaintiff would like to seek punitive damages. Plaintiff is advised that punitive

6 | damages are available in section 1983 actions. <u>Dang v. Cross</u>, 422 F.3d 800, 807 (9th Cir. 2005)

7 | (citations omitted). "Punitive damages serve to punish the defendant for wrongful conduct and

8 | to deter the defendant and others from repeating the wrong." <u>Dang</u>, 422 F.3d at 810. The

9 | plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

10 | preponderance of the evidence, <u>Id</u>. at 807, and an award of punitive damages is predicated on the

11 | plaintiff proving that the defendant's conduct was malicious, wanton, or oppressive, or in

12 | reckless disregard of the plaintiff's rights, <u>Smith v. Wade</u>, 461 U.S. 30, 56, 103 S.Ct. 1625

13 | (1986); <u>Dang</u> at 807-09.

14 |      The standard for awarding punitive damages under California law is similar. Under

15 | California law, punitive damages may be appropriate "where it is proven by clear and convincing

16 | evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code §

17 | 3294. Malice may be shown where the defendant exhibits "the motive and willingness to vex,

18 | harass, annoy, or injure," <u>Nolin v. Nat'l Convenience Stores, Inc</u>., 95 Cal.App.3d 279, 285 (1979)

19 | (internal quotation marks omitted), or a "conscious disregard of the rights and safety of others,"

20 | <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal.4th 965, 1000 (1993). A plaintiff may establish

21 | malice "by indirect evidence from which the jury may draw inferences." <u>Taylor v. Superior</u>

22 | <u>Court</u>, 24 Cal.3d 890, 894, 157 Cal.Rptr. 693, 598 P.2d 854 (1979).

23 |      Plaintiff shall consider this standard in drafting any amended pleading if he decides to

24 | pursue a punitive damages award.

25 |        d.     *Leave to Amend the Complaint*

26 |      Although Plaintiff's complaint contains deficiencies as outlined above, the court will give

27 | Plaintiff one final opportunity to file an amended complaint. If plaintiff chooses to file a Second

28 | Amended Complaint, it should bear the docket number assigned in this case and be labeled

1  "Second Amended Complaint."  The clerk is directed to send Plaintiff a blank civil rights

2  complaint form, which Plaintiff is encouraged to utilize.  If Plaintiff decides to file an amended

3  complaint, he is reminded that an amended complaint supercedes the original complaint, <u>Lacey v.</u>

4  <u>Maricopa County</u>, _ F 3d. _, _, Nos, 09-15806, 09-15703, 2012 WL 3711591, at *1, n.1 (9th Cir.

5  Aug., 29, 2012)(en banc), and it must be complete in itself without reference to the prior or

6  superceded pleading.  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in

7  an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814

8  F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

9  <u>Forsyth</u>, 114 F.3d at 1474.

10                                                  **ORDER**

11        For the reasons set forth above, it is HEREBY ORDERED that :

12        1) Plaintiff's FAC is dismissed with leave to amend;

13        2) The Clerk's Office shall send Plaintiff a civil rights complaint form;

14        3) Within **thirty (30)** days from the date of service of this order, Plaintiff must file a

15  Second Amended Complaint curing the deficiencies identified by the Court in this order;

16        4) Plaintiff is advised that leave to amend is granted only for the claims addressed in this

17  order; and

18        5) If Plaintiff fails to comply with this order, the action will be dismissed for failure to

19  state a claim and for failure to follow this Court's order.

20

21        IT IS SO ORDERED.

22   **Dated:    March 7, 2013             /s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE